**John J. KNIGHT, and Delia K. Knight, Appellants**

v.

**David HERSH and Nettie Hersh, Appellees.**

**No. 16337.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 26, 1961.

Decided Nov. 22, 1961.

Petition for Rehearing Denied Dec. 6, 1961.

Circuit Judge Fahy would grant the petition.

Mr. Cornelius H. Doherty, Washington, D. C., with whom Mr. Cornelius H. Doherty, Jr., Arlington, Va., was on the brief, for appellants.

Mr. Samuel Shapiro, Washington, D. C., for appellees.

Before EDGERTON, FAHY, and DANAHER, Circuit Judges.

PER CURIAM.

The District Court found that the appellees had become entitled by adverse possession to a strip of land along the boundary between their property and the appellants' property. The case turned on a question of fact regarding the former location of a fence. Neither the testimony nor any of the accompanying photographs appears to us to put the answer beyond doubt, and we do not think the District Court's finding clearly erroneous.

Affirmed.

FAHY, Circuit Judge (dissenting).

Appellees, defendants in the District Court, built a cinder block wall some three feet onto the adjoining lot of their neighbors, along the rear part of the boundary between the two lots. My reference to the lots is as they are shown on the official surveys and plats and as they are described in the deeds. The cinder block wall was built when the owners of the lot which was later conveyed to appellants were not living on the premises. When appellants became the owners and learned of the true boundary between the lots they sought an adjustment of the matter with appellees. Failing in this they sued appellees to obtain removal of the cinder block wall which encroached upon their lot. Appellees defended on the basis that they had acquired title to the disputed land by adverse possession. This defense rested upon their claim that they had built the cinder block wall along the line of a wire fence which had been in existence for the statutory period necessary to support their claim of adverse possession.[1]

---

1. 12 D.C.Code § 201 (1961). And see 16 D.C.Code § 1501 (1961).

439

The live testimony as to where the wire fence had been located was in conflict. There was disinterested testimony that it went straight back to the rear of the lots in line with a pre-existing brick wall which appellants' predecessors had built on the front part of the boundary between the lots.[2] If this is true then the wire fence was not approximately three feet over on appellants' lot. There is a photograph in evidence, taken in 1956,[3] which silently and strongly supports the testimony that the wire fence did not, as appellees claim, jog from the brick wall three feet or so onto appellants' land. In view of the unique corroboration this photograph gives to the disinterested testimony, I think appellees failed to sustain the burden of proof which their defense placed upon them, and, accordingly, that the judgment in their favor should be reversed.

---

2. Thus, the witness Baker, who identified the photograph now to be referred to, and who gave it the interpretation I do, said the wire fence extended in a continuous straight line, straight back from the brick wall.

